IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Edward Lee Pennington, ) | Civil Action No.: 8:10-2068-JFA-BHH |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Warden Robert Stevenson, ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 11.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on August 5, 2010.[1] On October 7, 2010, the Respondent moved for summary judgment. By order filed October 8, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 4, 2010, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion.

## PROCEDURAL HISTORY

The Petitioner is currently confined at the Broad River Correctional Institution. In March 2005, the Petitioner was indicted for first degree burglary. (App. 280-81.) The

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on August 5, 2010, at the Broad River Correctional Institution mailroom. (Pet. Attach.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Petitioner was represented by Thomas E. Shealy. (App. 1-212.) On July 18-19, 2005, the Petitioner was tried before a jury with the Honorable J. Derham Cole presiding. The Petitioner was found guilty as charged and Judge Cole sentenced him to twenty-five years. (App. 208; 211.)

The Petitioner timely filed a direct appeal on July 20, 2005. On appeal, the Petitioner was represented by Appellate Defender Joseph L. Savitz, III. On appeal, the Petitioner argued that the trial judge erred by failing to instruct the jury on accessory after the fact. (App. 292-93.) On May 11, 2007, the South Carolina Court of Appeals affirmed the Petitioner's convictions. (App. 313-14.) The remittitur was issued on May 30, 2007.

On June 21, 2007, the Petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of trial counsel on various grounds. (App. 213-38.) On November 5, 2007, an evidentiary hearing was held before the Honorable Roger L. Couch, Circuit Court Judge. (App. 243-73.) The Petitioner was present and represented by Kenneth P. Shabel. *Id*. On May 8, 2008, the PCR judge dismissed the Petitioner's application for PCR. (App. 274-79).

The Petitioner timely appealed on June 29, 2009. On appeal, the Petitioner was represented by Appellate Defender M. Celia Robinson. The Petitioner argued the PCR judge erred in finding that trial counsel was not ineffective in failing to request that the trial judge issue an thorough and explicit charge on the law of the offense of accessory after the fact and further erred in not requesting that the judge charge the jury that it could find petitioner guilty of accessory after the fact. The State filed its return on April 19, 2010. This Petition is currently pending before the South Carolina Supreme Court.

On August 5, 2010, the Petitioner filed this federal habeas action on seeking relief based on the following grounds, quoted verbatim:

> **Ground One:** Ineffective of trail[sic] counsel
> **Supporting Facts**: The judge charged the jury with the HANDS OF ONE HANDS OF ALL trial attorney didn't object to the indictment for burglary as to an essential element being used

at trial against applicant not cited within the indictment found by grand jury he was also awae[sic] of the fact that the applicant's and codefendant's statements alleged conflicting stories, and the fact applicant did not testify at trial

**Ground Two:** Defense counsel ineffective in failing to the state's bolstering of its case in closing summations
**Supporting Facts:** In final Summations, the state bolstered Mr. Smith's testimony simply put state bolstered it's case inappropriate means which shifted the burden of proof, when the state could not established guilty by any other means at trial. This bolstering by the state was highly inflammatory and inherently prejudicial. Further it was improper and impermissible

**Ground Three:** FOURTEENTH AMENDMENT VIOLATION
**Supporting Facts:** Based upon the culmulative[sic] legal errors made by defense counsel at trial and the resulting prejudice to the applicant at trial at trial from those errors; the FOURTEENTH AMENDMENT'S CULMULATIVE[sic] AFFECT DOCTRINE was triggered and the applicant is therefore; entitled to reversal for new trial before a different Circuit JUDGE in this particular case

**Ground Four:** SIXTH AMENDMENT VIOLATION
**Supporting Facts:** The applicant rights violated by the state making a plea deal with the co-defendant but holding off on sentencing him until he testified against the applicant. The co-defendant plea deal was for 2nd burglary. Applicant right violated by the fact held off on the sentencing of the co-defendant until after he testified.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the

3

disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

5

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (C) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and © are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state

relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

      B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a

7

petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### **DISCUSSION**

The Respondent contends that all the issues which the Petitioner raises in this habeas petition are barred because they were procedurally defaulted in state court. For the reasons set forth below, the undersigned recommends that the court dismiss the federal habeas petition without prejudice and with leave to re-file when the Petitioner has exhausted his state remedies, and deny the Respondent's motion for summary judgment as moot.[2]

Because it is clear in this case that the Petitioner still is pursuing a state court remedy in the form of appellate review of the denial of PCR, this federal habeas petition is premature. Therefore, it appears that the dismissal of this habeas action without prejudice is appropriate. *See Galloway v. Stephenson,* 510 F.Supp. 840, 846 (M.D.N.C.1981) (holding "[w]hen state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). The undersigned notes that the Petitioner may re-file his petition for federal habeas review once the South Carolina state courts decide his PCR appeal. However, the court cautions the Petitioner to be mindful of the AEDPA's one year statute of limitations period.

---

[2] With the Petitioner's PCR appeal pending in state court, the undersigned declines to find that the claims raised in this petition are procedurally defaulted. A complete state court record, including a disposition on the Petitioner's PCR appeal, is desirable in determining what procedural avenues were open to the Petitioner and perhaps waived and in determining whether cause and prejudice exists.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Petitioner's habeas petition be DISMISSED WITHOUT PREJUDICE; and the Respondent's Motion for Summary Judgment (Dkt. # 11) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 18, 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**