IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Lee Pennington, | ) | C/A No.:  8:10-2068-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Edward Lee Pennington, initiated this action pursuant to 28 U.S.C. § 2254 challenging his 2005 state court conviction for burglary.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this action should be dismissed without prejudice because the petitioner has not fully exhausted his state court remedies.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The respondent filed a motion to dismiss and an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the dismissal and summary judgment procedure and possible consequences if he failed to adequately respond.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

The petitioner responded to the motion for summary judgment.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on January 18, 2011. The respondent filed objections which the court will address herein.

The Magistrate Judge indicates in his Report that the petitioner has pending before the South Carolina courts an appeal of the denial of his application for Post Conviction Relief (PCR). The Magistrate Judge concludes that the present petition is premature, and this court agrees, recommending dismissal without prejudice.

In his motion for summary judgment and objections to the Report and Recommendation, the respondent contends that all the issues which petitioner raises in his habeas petition before this court are barred because they were procedurally defaulted in state court. The respondent also submits that the case of *Galloway v. Stephenson*, 510 F.Supp. 84 (M.D.N.C. 1981), cited by the Magistrate Judge in his Report, is distinguishable from the instant case. The respondent submits that here, the petitioner has already technically exhausted his available state remedies for the claims he pursues in his petition, therefore, the claims are procedurally barred and waived in state court.

Because the petition under § 2254 is premature, it would also be premature for this court to grant summary judgment to the respondent.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and with leave to refile after the South Carolina state courts decide his PCR appeal. The respondent's motion for summary judgment is dismissed.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." For this reason, and for those stated herein, the petitioner's motion for a certificate of appealability is denied.[2]

IT IS SO ORDERED.

March 21, 2011                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

---

[2] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.

3